United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DARYL CHILIMIDOS,<br>Plaintiff,<br>v.<br>GENERAL INSURANCE COMPANY, (GEICO),<br>Defendant. | Case No. 26-cv-05473-ASK<br><br>**ORDER RE: MOTION TO REMAND**<br>Re: Dkt. Nos. 9, 10, 22, 24 |

In May 2026, Plaintiff Chilimidos sued Defendant GEICO in state court for claims arising from GEICO's alleged failure to properly investigate a motor vehicle collision and provide a competent defense by settling with a third-party claimant. GEICO removed the case to this Court based on diversity jurisdiction. Now before the Court is Mr. Chilimidos's motion for remand and GEICO's motion to dismiss. Dkts. 9, 10. Having carefully considered the briefing, the Court determines these matters without oral argument. Civ. L. R. 7-1(b). Because the Court lacks federal subject matter jurisdiction, the Court **GRANTS** Mr. Chilimidos's motion to remand, Dkt. 9, and **DENIES** all other pending motions for lack of jurisdiction. Dkts. 10, 22, 24.

## I. MOTION TO REMAND

A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). The defendant seeking removal "bears the burden of establishing that removal is proper," and the "removal statute is strictly construed against removal jurisdiction." *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). A case removed to federal court must be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter

United States District Court
Northern District of California

jurisdiction." *See* 28 U.S.C. § 1447(c). Diversity subject matter jurisdiction requires complete diversity of citizenship and an amount in controversy in excess of $75,000. *See* 28 U.S.C. § 1332(a)(1); *see also Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004) (explaining diversity jurisdiction requires "complete diversity of citizenship between the parties opposed in interest").

To prove that the amount in controversy exceeds the statutory limit, GEICO points to a demand letter from Chilimidos to GEICO offering to settle the dispute for $300,000. Dkt. 1 ¶ 15. "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). However, there is no indication that $300,000 reflects a reasonable estimate of Chilimidos's claims. Chilimidos himself disavows his settlement demand "as a negotiation or settlement posture rather than a reliable valuation" and insists that the $300,000 figure "is not connected to any damages[.]" Dkt. 9 at 8. Though the demand letter claims that Chilimidos incurred medical expenses in excess of $150,000 as a result of the crash, Dkt. 12 at 7-9, GEICO fails to explain whether and to what extent those medical expenses are reasonably attributable to Chilimidos's contract claims against GEICO. As Chilimidos notes, "[t]his case is not a personal injury action against the tortfeasor" but an insurance dispute. Dkt. 17 at 6. The only harm directly attributable to Chilimidos's claims against GEICO appears to be "higher insurance policy premiums," Dkt. 1-1 ¶ 23, and there is no indication from the complaint that this amount exceeds the statutory limit of $75,000.

Because GEICO has failed to show by a preponderance of evidence that the amount in controversy exceeds $75,000, this Court lacks federal subject matter jurisdiction over Mr. Chilimidos's complaint.

## II. REQUEST FOR ATTORNEYS' FEES

Mr. Chilimidos requests attorneys' fees and costs incurred in obtaining remand. District courts have discretion following an order remanding a removed case to state court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). But "[a]bsent unusual circumstances, courts may award attorney's

fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin*, 546 U.S. at 140.

Notwithstanding the Court's finding that Mr. Chilimidos's $300,000 settlement demand fails to reasonably reflect the value of his claims, that demand, at a minimum, provided GEICO with an objectively reasonable basis to seek removal. It would make little sense to award Mr. Chilimidos attorneys' fees based on the premise that GEICO should have seen though the unreasonableness of his settlement demand. Accordingly, Mr. Chilimidos's request is **DENIED**.

## III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Mr. Chilimidos's motion to remand for lack of subject matter jurisdiction and **REMANDS** the case to the Superior Court of the State of California for the County of Contra Costa. The Court further orders that the court file in this case be transferred by the clerk of this Court to the clerk of the State Court, along with a certified copy of this Order of Remand. The State Court may thereupon proceed with this case.

This Order disposes of Docket Nos. 9, 10, 22, and 24.

**IT IS SO ORDERED.**

Dated: August 25, 2026

AJAY KRISHNAN
United States Magistrate Judge